## No. 503

BOARD OF EDUCATION v. WINDAU, et.

Ohio Appeals, 6th Dist., Erie Co.

No. 16527. Decided April 21, 1927.

159. BOARD OF EDUCATION—1065. School and School Districts—1. Where a County Board of Education has passed a resolution to the effect that a remonstrance be accepted as sufficient to nullify an action previously taken, it may later pass a resolution that the remonstrance was not sufficient to nullify such action.

2. A County Board of Education may exercise its discretion as to the division of school districts and a Court of Appeals will not interfere with such action, unless there is evidence to show fraud or bad faith.

**First Publication of this Opinion**

WILLIAMS, J.

This action comes into this court on appeal from the Court of Common Pleas of this county. The plaintiff seeks an injunction against the organization of a newly created school district. The court below dissolved the temporary injunction which had been granted and dismissed the petition. On appeal the Court of Appeals held:—

Under 4736 GC., a County Board of Edu-

cation has power to divide an existing school district into two districts and whether such district shall be divided or not, is a matter wholly within the discretion of that board, in the absence of fraud, bad faith or an abuse of discretion; subject to the limitation that the action of the board shall not take effect if a majority of the qualified electors of the territory affected shall, within thirty days after the action is taken, file with the county board of education a written remonstrance against it. Board of Education v. Boehm, 102 OS. 292.

The evidence in this case shows that on March 22, 1926, the Board of Education set off a separate school district and that on April 19, 1926, a written remonstrance against the action taken, signed by 931 qualified electors, was filed with the County Board of Education. On April 26, the board acted in the matter by passing a motion to the effect that the "remonstrance be accepted as sufficient to nullify the action" previously taken. Thereupon a canvass was made which disclosed that 931 did not constitute a majority of the qualified electors of the School District. Upon obtaining this information the County Board of Education, on August 23, 1926, passed a resolution in effect declaring that the remonstrance was not sufficient to nullify the action taken March 22, 1926.

The plaintiff claims that the County Board of Education was not acting within its authority in completing the division of the territory after having, on April 26, declared that its previous action in respect to a division of territory be nullified, and that the action in establishing the new district amounted to an abuse of discretion.

An examination of the records discloses that the board never rescinded the action taken in dividing the school district but simply passed upon the sufficiency of the remonstrance as to the number of signatures, at first finding that a majority of the qualified electors had signed it but later determined that such majority had not signed it.

Plaintiff claims that there was abuse of discretion, in that the creating of the new district would make two districts which were not properly equalized. We are unable to say from the evidence that there was such abuse of discretion that this court ought to interfere wtih the action of the board. To interfere with such action under the facts presented by the evidence would be for this court to usurp the functions of the board itself.

Decree for defendants.

(Richards and Lloyd, JJ., concur).

Attorneys—H. L. Peeke and Messrs. Krueger & Rosino for Board of Ed., Henry Hart and J. F. Hertlein for Windau, et; all of Sandusky.